**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelly Rieke, | No. CV-20-00724-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| ManhattanLife Assurance Company of America, | |
| Defendant. | |

Pending before the Court is Plaintiff Kelly Rieke ("Plaintiff")'s Motion to Remand. (Doc. 8.) For the following reasons the Motion is granted and the case is remanded to state court.

## BACKGROUND

Plaintiff originally brought this insurance coverage dispute in Maricopa County Superior Court alleging breach of contract and breach of the implied covenant of good faith and fair dealing. Plaintiff requests both compensatory and punitive damages. No specific dollar amount is alleged. Defendant ManhattanLife Assurance Company of America ("Defendant") timely removed the action pursuant to 28 U.S.C. § 1441, asserting diversity of citizenship as the basis for federal subject matter jurisdiction. Plaintiffs then filed the present Motion to Remand. Plaintiff also requests attorneys' fees be awarded for Defendant's alleged improper removal.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DISCUSSION**

**I.      Motion to Remand**

Federal courts may exercise diversity jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000.[1] 28 U.S.C. § 1332(a). When the action is initially brought in state court, a "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). However, if the amount of damages the plaintiff seeks is unclear and the defendant's allegation regarding the amount in controversy is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.*  The ultimate burden, however, rests with the defendant. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.").

Defendant argues that the amount in controversy exceeds $75,000 because Plaintiff designated the action as "Tier 3" under Arizona's tier system and claimed the amount of damages sought in the action exceeds $50,000 in her compulsory arbitration certificate. To prove the amount in controversy does not exceed the $75,000 threshold, Plaintiff points to a Rule 68 Offer of Judgment, served with her complaint, that would allow judgment to be entered in favor of Plaintiff for $65,000.

With respect to Plaintiff's Tier 3 designation, Arizona uses a tier system for discovery purposes. The tier system is designed "to make discovery occur in a manner that is proportional." Advisory Committee Note, Ariz. R. Civ. P. 26.2. Tier 3 is generally reserved for cases that are "logistically or legally complex" or for cases claiming $300,000 or more in damages. Ariz. R. Civ. P. 26.2(b)(3). Tier 3 is the highest tier of the system and accordingly permits the greatest amount of discovery. For example, Tier 3 permits thirty hours of fact witness depositions as opposed to five hours permitted in Tier 1 and fifteen

---

[1] The parties do not dispute that they are citizens of different states for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

1    hours permitted in Tier 2. Plaintiff's counsel explains he selected Tier 3 because he

2    believed he would need the level of discovery permitted in Tier 3 to effectively prepare his

3    case, particularly his bad faith theory of liability. Because proper tier selection is based on

4    the characteristics of the case, *see* Ariz. R. Civ. P. 26.2(b), the amount of damages claimed

5    is not dispositive. Thus, while Plaintiff's tier selection is some evidence of her amount in

6    controversy, it is not enough to prove by a preponderance of the evidence that Plaintiff's

7    damages in the action exceed the $75,000. Plaintiff's claim that her damages exceed

8    $50,000 in her compulsory arbitration certificate does not aid Defendant.[2] The certificate

9    does little more than suggest that Plaintiff's claims are more than $50,000—it does not

10    demonstrate that Plaintiff's damages more likely than not exceed $75,000.

11          Moreover, Plaintiff's offer of judgment for $65,000, served with the complaint, is

12    at least some evidence that Plaintiff believes the amount in controversy is less than

13    $75,000. *See Brown v. Bankers Life & Cas. Co.,* No. CV-09-1459-PHX-GMS, 2009 WL

14    2914215, at *4 (D. Ariz. Sept. 8, 2009) (finding that the plaintiff's offer of judgment of

15    $70,000 suggested that the plaintiff believed the amount in controversy was less than

16    $75,000). Plaintiff's refusal to stipulate the amount of her damages does not render her

17    offer of judgment a bad faith attempt to evade removal as Defendant suggests. *See Conrad*

18    *Assoc. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1199 (N.D. Cal. 1998) (noting

19    that other district courts within the Ninth Circuit "have expressly declined to find that a

20    refusal to stipulate to damages below the jurisdictional amount is even persuasive in

21    evaluating the worth of the claims in a complaint").

22          Defendant's proffered evidence, undermined by Plaintiff's offer of judgment,

23    simply fails to establish by a preponderance of the evidence that Plaintiff's amount in

24    controversy exceeds $75,000. Plaintiff's Motion to Remand is granted.[3]

25

26    [2] All cases filed in Maricopa County Superior Court that involve an amount in controversy
less than $50,000, subject to narrow exceptions, are subject to compulsory arbitration. AZ
27    ST MARICOPA SUPER CT Rule 3.10. The certificate of compulsory arbitration certifies
whether the action is or is not subject to arbitration. Ariz. R. Civ. P. 72(e)(1).
28    [3] The Court declines to delay ruling on Plaintiff's Motion to Remand until Plaintiff's time
to respond to Defendant's discovery requests lapses.

1

## II.     Attorneys' Fees

2   Plaintiff requests attorneys' fees for Defendant's removal. Fees may be awarded

3   "where the removing party lacked an objectively reasonable basis for seeking

4   removal. . . ." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although

5   Plaintiff's tier selection is not sufficient to establish Plaintiff's amount in controversy to

6   confer removal jurisdiction, it provides a reasonable basis for seeking removal. Plaintiff's

7   request for attorneys' fees is denied.

## CONCLUSION

8

9   Defendant fails to establish by a preponderance of the evidence that Plaintiff's

10   amount in controversy exceeds $75,000. However, Defendant's basis for removal was not

11   objectively unreasonable. Accordingly,

12   **IT IS HEREBY ORDERED** that Plaintiff Kelly Rieke's Motion to Remand (Doc.

13   8) is **GRANTED.**  The Clerk of Court is directed to remand this matter back to Maricopa

14   County Superior Court.

15   **IT IS FURTHER ORDERED** that Plaintiff's request for attorneys' fees associated

16   with the removal is **DENIED.**

17   Dated this 9th day of June, 2020.

18

19   _____
G. Murray Snow
20   Chief United States District Judge

21

22

23

24

25

26

27

28